

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADAM WALCZAK, ) | |
| ) | |
| Plaintiff, ) | 09 C 1851 |
| ) | |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| U.S. CUSTOMS AND BORDER ) | |
| PROTECTION, et al., and DOES ) | |
| 1-10, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court are Plaintiff's Motion to Vacate Dismissal and the Government's oral Motion for Judgment on the Pleadings. For the following reasons, both Motions are granted.

## I. BACKGROUND

### A. Facts

The following factual allegations are taken from the pro se Plaintiff's "Complaint for Negligence" against the United States Customs Service ("Customs") and John Doe Customs officers, filed on March 25, 2009. Plaintiff, an American citizen and resident of the Northern District, alleges that he entered the United States from Canada at the Port Huron Blue Water Bridge Crossing in Port Huron, Michigan on July 5, 2008, after purchasing a set of stereo speakers from a Canadian individual. While passing through customs in Port Huron, Plaintiff alleges, Customs officers informed him that they would inspect the speakers. They then

1

allegedly removed the speakers from Plaintiff's vehicle, inspected them, and placed them back into his vehicle. Plaintiff alleges that the officers negligently damaged his speakers during this process, and that it cost him $800 to have the speakers repaired. Plaintiff seeks reimbursement for the cost of these repairs, along with attorneys' fees and costs.

## B. Procedural History

The Government answered the Complaint on July 8, 2009. Plaintiff failed to appear for a status hearing on September 9, 2009, and the Court dismissed the case for want of prosecution. Plaintiff then moved the Court to vacate the September 9, 2009 dismissal. During a hearing on that motion on October 5, 2009, the Government made an oral Motion to Dismiss, and the Court ordered Plaintiff to file a written Response to the Government's Motion. Plaintiff complied with the Court's order on October 21, 2009. The Court therefore vacates its September 9, 2009 Order dismissing the case for want of prosecution, and will proceed to examine the merits of the Government's Motion to Dismiss.

Because the Government has answered the Complaint, however, the Court construes its Motion to Dismiss as a Motion for Judgment on the Pleadings. See Brunt v. Service Employees Int'l Union, 284 F.3d 715, 718 (7th Cir. 2002) ("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of both the complaint and answer.") (citing FED. R. CIV. P. 12(c)).

## II. DISCUSSION

## A. Standard of Decision

The Court reviews a motion for a judgment on the pleadings "using the standard applicable to dismissals under [FRCP] 12(b)(6) for failure to state a claim on which relief can be

granted." Guise v. BMW Mortgage, LLC, 377 F.3d 795, 798 (7th Cir. 2004). In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993).

The court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03. The Seventh Circuit has identified two obstacles that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level;" if they do not, the plaintiff pleads himself out of court. Id.

### B. The Government's Motion for Judgment on the Pleadings

The Government brings its Motion for Judgment on the Pleadings pursuant to 28 U.S.C. § 2680(c), which bars suits against Customs officials for damage to personal property done during any lawful detention of that property. In Kosak v. United States, the leading case interpreting that statute, the petitioner, a serviceman stationed in Guam, assembled a large collection of Asian art. 465 U.S. 848, 849 (1984). When he was transferred to Philadelphia, he brought his art collection with him. Id. He indicated on his customs declaration that he intended to keep the artworks, but Customs officers later obtained information that he planned to sell the collection. Id. Customs officers therefore obtained a warrant and seized petitioner's art collection. Id. The Government charged petitioner with smuggling, but he was acquitted following a jury trial. Id. Petitioner then filed a petition for relief from forfeiture; Customs granted the petition and returned the artworks. Id. at 850. Asserting that several of the objects had been damaged while in the custody of Customs, the petitioner filed an administrative complaint with Customs seeking compensation for the damage. Id. Customs denied he petition, and the petitioner filed suit in the Eastern District of Pennsylvania seeking damages of approximately $12,000. Id.

The Government then moved for dismissal pursuant to 28 U.S.C. § 2680(c). Id. That statute qualifies the provisions of the Federal Torts Claims Act (the "Act"), which "provides generally that the United States shall be liable, to the same extent as a private party, 'for the injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Id. at 851-52 (quoting 28 U.S.C. § 1346(b)). The Act, however, lists thirteen exceptions to this "broad waiver of sovereign immunity." Id. at 852. One of these exceptions is

§ 2680(c), which exempts from the Act "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by any officer of customs . . . ." 28 U.S.C. § 2680(c). The District Court granted the Government's motion to dismiss, and the Third Circuit affirmed, finding that the petitioner had failed to state a claim upon which relief could be granted. Id. at 850-51. The Supreme Court affirmed, finding that the "language of [§ 2680(c)] as it was written leaves us no choice but to affirm the judgment of the Court of Appeals that the Torts Claims Act does not cover suits alleging that customs officials injured property that had been detained by the Customs Service." Id. at 862.

In his Response to the Government's motion to dismiss, Plaintiff acknowledges that Kosak generally "precludes recovery for damages of personal property while in the custody and control of the U.S. Border patrol . . . ." Pl.'s Mem., at ¶ 1. Plaintiff, however, asserts that the bailment exception to Kosak's general rule applies in this case. In a footnote, the Kosak court explained, "[i]f the owner of property detained by the Customs service were able to establish the existence of an implied-in-fact contract of bailment between himself and the Service, he could bring suit under the Tucker Act, 28 U.S.C. § 1491." 465 U.S. at 861 n.22 (citing Hatzlachh Supply Co. v. United States, 444 U.S. 460 (1980)).

Plaintiff, however, has not alleged that any implied contract of bailment between himself and Customs existed, and, on the facts as pled, he cannot do so. In Hatzlachh, the petitioner imported goods which Customs declared forfeited for customs violations. 444 U.S. at 462. When the petitioner filed a petition for relief, Customs agreed to return the goods upon receiving payment of a $40,000 penalty. Id. Petitioner paid the penalty, but when the goods were returned, items worth approximately $165,000 were missing. Id. The Supreme Court found that § 2680(c)

5

did not bar the Petitioner from pursuing his claim, and remanded the case to the Court of Claims to determine whether an implied-in-fact contract for bailment existed. Id. at 466. In this case, Plaintiff merely alleges that Customs officers briefly detained his speakers for inspection and returned them in damaged condition. No bailment contract exists in such a situation, implied or otherwise.

> A bailment is defined as the delivery of goods for some purpose, upon a contract, express or implied, that after the purpose has been fulfilled, they shall be redelivered to the bailor, or otherwise dealt with according to his directions or kept [until] he reclaims them. The elements necessary for a bailment include (1) an agreement by the bailor to transfer or deliver and the bailee to accept exclusive possession of goods for a specified purpose; (2) the actual delivery or transfer of exclusive possession of the property of the bailor to the bailee; and (3) acceptance of exclusive possession by the bailee.

Monarch Air Serv. v. Solow, 383 F.3d 663, 671 (7th Cir. 2004) (internal quotation marks omitted). The Court thus finds that Plaintiff has not, on the facts he has alleged, established a plausible claim for relief. See E.E.O.C., 496 F.3d at 776. The Court therefore grants the Government's Motion for Judgment on the Pleadings.

### III. CONCLUSION

For the foregoing reasons, the Court vacates its September 9, 2009 Order dismissing the case for want of prosecution, and grants the Government's oral Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: Feb. 18, 2010

6